1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
4  JOSEPH D. AXELRAD (Cal. Bar. No. 274580)
   Assistant United States Attorneys
5  Violent & Organized Crime Section
        1300 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-7964/6520
        Facsimile: (213) 894-0141
8       E-mail:    joseph.axelrad@usdoj.gov
                   jeffrey.chemerinsky@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                  UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,        No. CR 21-513-DMG

14            Plaintiff,            PLEA AGREEMENT FOR DEFENDANT
                                    ISAIAH DEANDRE MANNING
15            v.

16 ISAIAH DEANDRE MANNING,

17            Defendant.

18

19     1.   This constitutes the plea agreement between ISAIAH DEANDRE

20 MANNING ("defendant") and the United States Attorney's Office for the

21 Central District of California (the "USAO") in the above-captioned

22 case.  This agreement is limited to the USAO and cannot bind any

23 other federal, state, local, or foreign prosecuting, enforcement,

24 administrative, or regulatory authorities.

25                    DEFENDANT'S OBLIGATIONS

26     2.   Defendant agrees to:

27          a.   At the earliest opportunity requested by the USAO and

28 provided by the Court, appear and plead guilty to Counts One and Two

of the Indictment in <u>United States v. ISAIAH DEANDRE MANNING</u>, CR No. 21-513-DMG, which charge defendant with Interference With Commerce By Robbery, in violation of 18 U.S.C. § 1951(a), and Possess, Use, Carry, and Brandish a Firearm In Furtherance Of and During and In Relation To a Crime Of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

       a.   Not contest facts agreed to in this agreement.

       b.   Abide by all agreements regarding sentencing contained in this agreement.

       c.   At the time of sentencing, move to dismiss the remaining counts of the Indictment as against defendant.  Defendant

2

agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

    4.  Defendant understands that for defendant to be guilty of the crimes charged in Count One of the Indictment, that is, Interference With Commerce By Robbery, in violation of 18 U.S.C. § 1951(a), the following must be true:

    (1)  defendant knowingly obtained money or property from or in the presence of the victim;

    (2)  defendant did so by means of robbery;

    (3)  defendant believed that the victim would part with the money or property because of the robbery; and

    (4)  the robbery affected interstate commerce.

    5.  Defendant understands that for defendant to be guilty of the crime charged in Count Two of the Indictment, that is, Brandishing A Firearm In Furtherance Of A Crime Of Violence and Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), the following must be true:

1     (1)   Defendant committed the crime of interference with commerce
2           by robbery as charged in Count One of the Indictment, which is a
3           crime a violence; and
4     (2)   Defendant knowingly brandished a firearm during and in
5           relation to, and in furtherance of, that crime.
6     A person "brandishes" a firearm if he displayed all or part of
7  the firearm, or otherwise made the presence of the firearm known to
8  another person, in order to intimidate that person, regardless of
9  whether the firearm was directly visible to the person.

10                              PENALTIES
11     6.   Defendant understands that the statutory maximum sentence
12  that the Court can impose for a violation of 18 U.S.C. § 1951(a), is:
13  twenty years' imprisonment; a three-year period of supervised
14  release; a fine of $250,000 or twice the gross gain or gross loss
15  resulting from the offense, whichever is greatest; and a mandatory
16  special assessment of $100.

17     7.   Defendant understands that the statutory maximum sentence
18  that the Court can impose for a violation of 18 U.S.C.
19  § 924(c)(1)(A)(ii), is: life imprisonment; a five-year period of
20  supervised release; a fine of $250,000 or twice the gross gain or
21  gross loss resulting from the offense, whichever is greatest; and a
22  mandatory special assessment of $100.

23     8.   Defendant understands, therefore, that the total maximum
24  sentence for all offenses to which defendant is pleading guilty is:
25  life imprisonment; a five-year term of supervised release; a fine of
26  $500,000 or twice the gross gain or gross loss resulting from the
27  offenses, whichever is greatest; and a mandatory special assessment
28  of $200.

                                    4

9.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 924(c)(1)(A)(ii), as charged in Count Two of the Indictment, is a seven-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.   Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject

1  defendant to: removal, also known as deportation, which may, under
2  some circumstances, be mandatory; denial of citizenship; and denial
3  of admission to the United States in the future.  The Court cannot,
4  and defendant's attorney also may not be able to, advise defendant
5  fully regarding the immigration consequences of the felony
6  convictions in this case.  Defendant understands that unexpected
7  immigration consequences will not serve as grounds to withdraw
8  defendant's guilty pleas.

9                              FACTUAL BASIS

10      13.  Defendant admits that defendant is, in fact, guilty of the
11  offenses to which defendant is agreeing to plead guilty.  Defendant
12  and the USAO agree to the statement of facts provided below and agree
13  that this statement of facts is sufficient to support pleas of guilty
14  to the charge described in this agreement and to establish the
15  Sentencing Guidelines factors set forth below but is not meant to be
16  a complete recitation of all facts relevant to the underlying
17  criminal conduct or all facts known to either party that relate to
18  that conduct.

19      On August 18, 2021, defendant entered an AM/PM store, located at
20  5731 Firestone Boulevard, South Gate, California.  Defendant
21  brandished a real semi-automatic handgun.  Defendant stole from the
22  employee approximately $1,000 in cash from the AM/PM store.  The use
23  of the handgun was in furtherance of the armed robbery.

24      On August 23, 2021, defendant committed armed robberies of a 7-
25  Eleven, located at 7371 Florence Avenue, Downey, California, and of a
26  Mobil, located 11405 Florence Avenue, Santa Fe Springs, California.
27  In both of these robberies, defendant brandished and used real
28  handguns.

Defendant's robberies affected interstate commerce in that defendant robbed stores that are national chains that obtain goods in interstate commerce.

SENTENCING FACTORS

14.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | [20] | [U.S.S.G. § 2B3.1(a)] |
| Use of a Firearm | [+6] | [U.S.S.G. § 2B3.1(b)(2)(B)] |
| Multi-Count Adjustment | [+2] | [U.S.S.G. § 3D1.4] |

16.   Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. ~~The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history.~~

I.M.
I.B.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

  a.   The right to persist in a plea of not guilty.

  b.   The right to a speedy and public trial by jury.

  c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

  d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e.   The right to confront and cross-examine witnesses against defendant.

  f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

  g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

20.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein are insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21.   Defendant agrees that, provided the Court imposes a total term of imprisonment of no more than 180 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the conditions of probation or supervised release imposed by the Court.

22.   The USAO agrees that, provided that all portions of the sentence are at or above the statutory mandatory minimum specified

1  above, the USAO gives up its right to appeal any portion of the
2  sentence.

3  <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

4      23.  Defendant agrees that if, after entering guilty pleas
5  pursuant to this agreement, defendant seeks to withdraw and succeeds
6  in withdrawing defendant's guilty pleas on any basis other than a
7  claim and finding that entry into this plea agreement was
8  involuntary, then (a) the USAO will be relieved of all of its
9  obligations under this agreement; and (b) should the USAO choose to
10 pursue any charge or any allegation of a prior conviction for a
11 serious felony, or any civil, administrative, or regulatory action
12 that was either dismissed or not filed as a result of this agreement,
13 then (i) any applicable statute of limitations will be tolled between
14 the date of defendant's signing of this agreement and the filing
15 commencing any such action; and (ii) defendant waives and gives up
16 all defenses based on the statute of limitations, any claim of pre-
17 indictment delay, or any speedy trial claim with respect to any such
18 action, except to the extent that such defenses existed as of the
19 date of defendant's signing this agreement.

20 <u>EFFECTIVE DATE OF AGREEMENT</u>

21     24.  This agreement is effective upon signature and execution of
22 all required certifications by defendant, defendant's counsel, and an
23 Assistant United States Attorney.

24 <u>BREACH OF AGREEMENT</u>

25     25.  Defendant agrees that if defendant, at any time after the
26 signature of this agreement and execution of all required
27 certifications by defendant, defendant's counsel, and an Assistant
28 United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

11

1  the United States Constitution, any statute, Rule 410 of the Federal

2  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

3  Procedure, or any other federal rule, that the statements or any

4  evidence derived from the statements should be suppressed or are

5  inadmissible.

6  <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

7      27.  Defendant agrees that if any count of conviction is

8  vacated, reversed, or set aside, the USAO may: (a) ask the Court to

9  resentence defendant on any remaining counts of conviction, with both

10  the USAO and defendant being released from any stipulations regarding

11  sentencing contained in this agreement, (b) ask the Court to void the

12  entire plea agreement and vacate defendant's guilty pleas on any

13  remaining counts of conviction, with both the USAO and defendant

14  being released from all their obligations under this agreement, or

15  (c) leave defendant's remaining convictions, sentence, and plea

16  agreement intact.  Defendant agrees that the choice among these three

17  options rests in the exclusive discretion of the USAO.

18  <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

19  <u>OFFICE NOT PARTIES</u>

20      28.  Defendant understands that the Court and the United States

21  Probation and Pretrial Services Office are not parties to this

22  agreement and need not accept any of the USAO's sentencing

23  recommendations or the parties' agreements to facts or sentencing

24  factors.

25      29.  Defendant understands that both defendant and the USAO are

26  free to: (a) supplement the facts by supplying relevant information

27  to the United States Probation and Pretrial Services Office and the

28  Court, (b) correct any and all factual misstatements relating to the

1   Court's Sentencing Guidelines calculations and determination of

2   sentence, and (c) argue on appeal and collateral review that the

3   Court's Sentencing Guidelines calculations and the sentence it

4   chooses to impose are not error, although each party agrees to

5   maintain its view that the calculations set forth below are

6   consistent with the facts of this case.  While this paragraph permits

7   both the USAO and defendant to submit full and complete factual

8   information to the United States Probation and Pretrial Services

9   Office and the Court, even if that factual information may be viewed

10  as inconsistent with the facts agreed to in this agreement, this

11  paragraph does not affect defendant's and the USAO's obligations not

12  to contest the facts agreed to in this agreement.

13      30.  Defendant understands that even if the Court ignores any

14  sentencing recommendation, finds facts or reaches conclusions

15  different from those agreed to, and/or imposes any sentence up to the

16  maximum established by statute, defendant cannot, for that reason,

17  withdraw defendant's guilty plea, and defendant will remain bound to

18  fulfill all defendant's obligations under this agreement.  Defendant

19  understands that no one -- not the prosecutor, defendant's attorney,

20  or the Court -- can make a binding prediction or promise regarding

21  the sentence defendant will receive, except that it will be within

22  the statutory maximum.

23                      <u>NO ADDITIONAL AGREEMENTS</u>

24      31.  Defendant understands that, except as set forth in

25  documents executed on today's date and filed with the Court, there

26  are no promises, understandings, or agreements between the USAO and

27  defendant or defendant's attorney, and that no additional promise,

28

                                13

understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_Jeffrey Chemerinsky_                          April 20, 2022
_____              _____
JEFFREY M. CHEMERINSKY                        Date
JOSEPH D. AXELRAD
Assistant United States Attorneys

_____              4.19.22
ISAIAH DEANDRE MANNING                        _____
Defendant                                     Date

_____              4/19/22
ISABEL BUSSARAKUM                             _____
Attorney for Defendant ISAIAH                 Date
DEANDRE MANNING

### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

14

of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____        _____
ISAIAH DEANDRE MANNING                   Date
Defendant

4.19.22

## CERTIFICATION OF DEFENDANT'S ATTORNEY

   I am ISAIAH DEANDRE MANNING's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
//

//

1  forth in this agreement is sufficient to support my client's entry of

2  guilty pleas pursuant to this agreement.

3

   _____          4/19/22
                                                 _____
4  ISABEL BUSSARAKUM                             Date
   Attorney for Defendant ISAIAH
5  DEANDRE MANNING

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28